**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

GREGORY WOODEN,             :
                                    :
      Plaintiff,               :
                                      :
v.                              :       CASE NO.: 7:25-CV-121 (WLS)
                                    :
CARLOS RODRIGUEZ, *et al.*,  :
                                    :
      Defendants.         :
                                    :

**ORDER**

Previously, the Court granted Plaintiff's second Application to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 4). (Doc. 5). In doing so, the Court found that Plaintiff's Complaint (Doc. 1) did not comply with the Federal Rules of Civil Procedure governing pleadings. (*Id.* at 2). As such, the Court deferred its review of Plaintiff's complaint and instructed Plaintiff to file an amended complaint setting forth his claims in accordance with the Rules. Plaintiff filed a recast complaint (Doc. 6) and subsequently moved for leave to file a second amended complaint (Doc. 7). The Court granted Plaintiff's motion for leave to file. (Doc. 8). Thereafter, Plaintiff timely filed a Second Amended Complaint on February 20, 2026. (Doc. 9). Therefore, the Court now reviews the validity of the Second Amended Complaint, as required by 28 U.S.C. § 1915(e).

## I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee,

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *Id.* Under 28 U.S.C. § 1915(e), the Court must dismiss complaints that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, or (iii) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted.").

The Court has already found that Plaintiff meets the poverty requirements of § 1915(a). (Doc. 3 at 2). Thus, all that remains is to review the validity of Plaintiff's Second Amended Complaint. *See Neitzke*, 490 U.S. at 324. In so doing, the Court accepts all factual allegations in the Second Amended Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Second Amended Complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

## II.   **PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Second Amended Complaint asserts a claim under 42 U.S.C. § 1983 against Defendants, in their individual capacities, for violation of Plaintiff's Constitutional rights under the Fourth Amendment.

A plaintiff asserting a § 1983 claim must show that the conduct complained of (1) was committed by a person acting under color of state law, and (2) that conduct deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156–57 (1978)). "Given the special protection afforded the home, searches and seizures within a home or its curtilage and without a warrant are presumptively unreasonable." *O'Kelley v. Craig*, 781 F. App'x 888, 894 (11th Cir. 2019) (citing *United States v. Walker*, 799 F.3d 1361, 1363 (11th Cir. 2015)). This general rule is subject to few exceptions, namely consent and exigent circumstances. *Id.* "Absent consent or exigent circumstances, probable cause alone is not enough to validate a warrantless search or arrest." *Id.* (citing *Bashir v. Rockdale Cty., Ga.*, 445 F.3d 1323, 1328 (11th Cir. 2006)).

### A.  The Allegations

As alleged, Defendants Sergeant Kelly, Carlos Rodriguez, Sontraianna Wood, and Jeremy Brechbiel were all State Police Officers working for the Tifton Police Department during the relevant time period. (Doc. 9 ¶¶ 5–8). On or about July 16, 2025, Defendant Kelly came by Plaintiff's residence at 720 Collins Street, Tifton, Georgia, ("Residence") and stated that he was looking for a suspect named Ricky Willis. (*Id.* ¶ 10). Plaintiff informed Kelly that Ricky Willis did not live at the Residence and was not present at the Residence. (*Id.* ¶¶ 11–12). Kelly stated that officers would continue returning to the Residence and that they had

authority to enter Plaintiff's home. (*Id.* ¶ 14). At some point after this interaction, Defendants returned to the Residence while Plaintiff was not present. (*Id.* ¶ 15). Defendants knocked on the front door, and one officer moved to the rear of the home before returning to the front. (*Id.* ¶¶ 16–17). There was no one present inside the home. (*Id.* ¶ 18). After knocking and receiving no response, Defendant Brechbiel opened the door, called out to anyone present, and entered the residence. (*Id.* ¶¶ 20–21). Defendants Rodriguez and Wood entered the home where a neighbor recorded video footage of Defendants inside the home for several minutes. (*Id.* ¶¶ 22, 29). The wanted individual Defendants were searching for was not located at the Residence. (*Id.* ¶ 30). Plaintiff alleges that Defendants lacked probable cause to believe that the individual lived at the Residence and did not have a search warrant authorizing entry into the home. (*Id.* ¶¶ 13, 23). Plaintiff further alleges that no consent was given for Defendants' entry and that no exigent circumstances existed to permit a warrantless entry. (*Id.* ¶¶ 24–27).

Upon review of the allegations in Plaintiff's Second Amended Complaint, the Court is unable to conclude that Plaintiff's action is frivolous or malicious or that it fails to state a claim upon which relief may be granted. Accordingly, it is hereby **ORDERED** that service be made on all Defendants by the United States Marshals Services. *See* Fed. R. Civ. P. 4(c)(2) (providing Court must order service by United States Marshals Service if plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915); *see also* § 1915(d). All Defendants shall file an Answer, or other response as they deem appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

**SO ORDERED**, this 4th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

4